IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

FELIX BRIZUELA,

        Plaintiff,

v.                                      Civil Action No. 1:22-CV-67
                                      (JUDGE KLEEH)

SARAH WAGNER,

        Defendant.

**REPORT AND RECOMMENDATION, AFTER
INITIAL SCREENING, RECOMMENDING THAT PLAINTIFF'S
COMPLAINT [ECF NO. 1] BE DISMISSED WITHOUT PREJUDICE AND
MOTION TO PROCEED *IN FORMA PAUPERIS* [ECF NO. 2] BE DENIED**

On August 10, 2022, *pro se* Plaintiff Felix Brizuela ("Plaintiff") filed a Complaint against an Assistant United States Attorney, Sarah Wagner ("Defendant") who was involved in a prior criminal prosecution of Plaintiff and Plaintiff's ultimate plea of guilty to one felony count. [ECF No. 1 at 1]. Having screened Plaintiff's Complaint in accordance with the provisions of 28 U.S.C. § 1915(e)(2), the undersigned now **RECOMMENDS** that the Complaint [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim on which relief may be granted. The undersigned further **RECOMMENDS** that Plaintiff's related motion [ECF No. 2] to proceed *in forma pauperis* be **DENIED**.

**I. FACTUAL AND PROCEDURAL BACKGROUND[1]**

---

[1] Plaintiff, *pro se*, recently has filed 15 civil lawsuits in this Court, including the instant matter. The other civil matters are: (1) Brizuela v. Federation of State Medical Boards, 1:22-CV-66, (2) Brizuela v. Douglas Sughrue, 1:22-CV-68, (3) Brizuela v. Michael DeRiso, 1:22-CV-69, (4) Brizuela v. WVU Medical Center, 1:22-CV-70, (5) Brizuela v. Mark R. Zogby, 1:22-CV-74, (6) Brizuela v. Tano O'Dell [sic], 1:22-CV-75, (7) Brizuela v. Highland Hospital and Michelle Cunningham, 1:22-CV-76, (8) Brizuela v. Blue Cross Blue Shield, 1:22-CV-79, (9) Brizuela v. CPEP, 1:22-CV-82, (10) Brizuela v. KDKA TV, 1:22-CV-83, (11) Brizuela v. West Virginia Board of Pharmacy, 1:22-CV-84, (12) Brizuela v. Drug Enforcement Administration, 1:22-CV-87, (13) Brizuela v. WPXI Pittsburgh, 1:22-CV-90, and (14) Brizuela v. USP Hazelton, 1:22-CV-93. Although these cases are separate matters, they all stem from circumstances

Plaintiff, a resident of the Commonwealth of Pennsylvania, initially brought this matter in the Middle District of Pennsylvania on August 10, 2022. However, by memorandum opinion [ECF No. 5] and corresponding order [ECF No. 6], Magistrate Judge William I. Arbuckle transferred the matter from the Middle District of Pennsylvania to this District.[2] Judge Arbuckle found that venue was not proper in the Middle District of Pennsylvania, and so transferred the matter "to a court with at least a plausible venue for further proceedings." [ECF No. 5 at 2]. Judge Arbuckle was careful to note that he did not address Plaintiff's request to proceed *in forma pauperis* and had not conducted a screening of the merits of the case. Id.

Broadly speaking, and in synthesizing allegations from the filings in Plaintiff's multiple *pro se* lawsuits pending in this Court, Plaintiff alleges that he was a physician practicing in this District. He had a specialty in neurology and pain management. In this District, Plaintiff was criminally prosecuted as reflected in Criminal Action No. 1:18-CR-1. Plaintiff was tried and convicted in Criminal Action No. 1:18-CR-1. As a result, he lost medical licenses which he held in West Virginia and Pennsylvania. Plaintiff appealed his conviction to the United States Court of Appeals for the Fourth Circuit. The Fourth Circuit reversed his conviction, and on remand, Plaintiff ultimately pled guilty to Distribution of Controlled Substances Outside the Bounds of Professional Medical Practice, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C),

_____

concerning Plaintiff's career as a physician, including but not limited to his criminal prosecution and eventual guilty plea in this Court in Criminal Action No. 1:18-CR-1. The presiding District Judge, Hon. Thomas S. Kleeh, has referred all of these matters to the undersigned Magistrate Judge, for written Reports and Recommendations. Concurrently with the instant Report and Recommendation, the undersigned enters Reports and Recommendations as to some of the other matters. As such, given the commonality among the matters, there is some duplication in the citations to authority and analyses in the Reports and Recommendations.

[2] In the single memorandum opinion [ECF No. 5], Judge Arbuckle actually addressed five cases which Plaintiff had filed in the Middle District of Pennsylvania, and transferred all five matters to this Court. In addition to the instant matter, Judge Arbuckle also transferred the following four cases to this District by operation of the memorandum opinion [ECF No. 5]: (1) Brizuela v. Federation of State Medical Boards, 1:22-CV-66, (2) Brizuela v. Douglas Sughrue, 1:22-CV-68, (3) Brizuela v. Michael DeRiso, 1:22-CV-69, and (4) Brizuela v. WVU Medical Center, 1:22-CV-70.

as charged in Count Two in Criminal Action No. 1:18-CR-1.[3] Plaintiff was sentenced to a term of imprisonment for a term of time served, followed by three years of supervised release. Plaintiff complains that, because of the felony conviction resulting from the guilty plea, he is unable to regain his medical license or otherwise find gainful employment. In the *pro se* civil cases which Plaintiff now seeks to bring here, he attempts to lodge grievances against a range of persons and entities who were involved in his criminal matters and/or other aspects of his defunct medical practice.

In the Complaint [ECF No. 1] in the instant matter, the named Defendant is an Assistant United States Attorney who was part of the criminal prosecution of Plaintiff. Plaintiff articulates no facts in support of legal claims against Defendant, and cites to scant legal authority for any such claims. Rather, Plaintiff generally complains that his criminal prosecution and conviction arose from false accusations and caused false imprisonment. Plaintiff alleges that this resulted in pain and suffering to himself and his family, and impeded his ability to make a living. Plaintiff invokes 31 U.S.C. § 3730, which generally speaking, is part of the statutory scheme for the False Claims Act.[4]

In an accompanying piece of correspondence, a narrative apparently directed to Defendant, which is styled as a "letter of intent to sue," Plaintiff also cites the recent Supreme Court decision

---

[3] Plaintiff also was prosecuted in another matter, Criminal Action No. 5:20-CR-22. It appears that Criminal Action 5:20-CR-22 resulted from the re-filing of charges after Criminal Action No. 1:18-CR-1 had been dismissed pursuant to a tolling agreement. The two matters ultimately were consolidated. [ECF No. 487 in Criminal Action No. 1:18-CR-1].

[4] Under the False Claims Act, 31 U.S.C. §§ 3729-3733, the Attorney General of the United States may bring an action against persons or entities who have submitted false claims to be paid by the federal government. Such actions also may be maintained against those who have caused others to submit such claims. Relatedly, the specific statute which Plaintiff cites allows recovery of sums via *qui tam* actions. In a *qui tam* action, a private individual (a "relator") brings an action on the government's behalf against a person or entity who has submitted, or caused to be submitted, a false claim. Plaintiff's reliance on this statute is inapposite, insofar as he is not questioning false claims submitted to the government. Rather, Plaintiff questions the criminal claims brought against himself, and the False Claims Act is not germane to that.

of <u>Ruan v. United States</u>, 142 S.Ct. 2370 (2022) (holding that to maintain criminal liability of a physician under the Controlled Substances Act, jury must find that a defendant subjectively believed they were wrongly prescribing medications). Plaintiff does not explain how the <u>Ruan</u> decision gives rise to a private cause of action in the civil context. In the narrative, Plaintiff demands a payment of $10,000,000.00 to resolve this matter. Finally, in the civil cover sheet, Plaintiff makes a passing reference to 42 U.S.C. § 1983 as the basis for his lawsuit.

There is nothing contained in the Complaint tying a statement of specific facts to discrete, straightforward causes of action. The accompanying narrative, the purported notice of intent to sue[5], likewise contains nothing of the sort. Nor does the civil cover sheet, with only a brief reference to 42 U.S.C. § 1983. Moreover, Plaintiff does not specify how general citations to authority pertain to his specific case, and does not detail in any fashion how they give rise to causes of action. Plaintiff does indeed seize on <u>Ruan</u> as helpful to his cause, but in so doing, veers into a diatribe about how federal law enforcement agencies are unqualified to review physicians' decisions and how they otherwise improperly target physicians.

Finally, in conjunction with the Complaint, Plaintiff filed a *pro se* Motion for Leave to Proceed *in forma pauperis* including an Application to Proceed Without Prepayment of Fees and Affidavit. [ECF No. 2].

On August 15, 2022, this Court, by the Honorable Thomas S. Kleeh, Chief United States District Judge, entered an Order of Referral [ECF No. 9], referring this matter to the undersigned United States Magistrate Judge in order "to conduct a scheduling conference and issue a scheduling order, for written orders or reports and recommendations, as the case may be, regarding any motions filed, and to dispose of any other matters that may arise."

---

[5] Plaintiff does not explain why he provides a purported "notice of intent to sue," or what requirement at law he is following in so providing it in this context.

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 1915(e)(2)(B), where a plaintiff is seeking to proceed without the prepayment of fees and costs, the court is obliged to screen the case to determine if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Courts usually perform this screening before ruling upon the corresponding Motion for Leave to Proceed *in forma pauperis* and Application to Proceed Without Prepayment of Fees and Costs, and before service of process is effectuated. See Portee v. United States Dep't of Agric., No. 2:15-CV-13928, 2016 WL 4962727, at *2 (S.D.W. Va. July 14, 2016) (Tinsley, J.), *report and recommendation adopted*, No. 2:15-CV-13928, 2016 WL 4942023 (S.D.W. Va. Sept. 15, 2016) (Johnston, J.). The purpose of this statute is "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. See also Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 953 (4th Cir. 1995) (initial screenings required because § 1915 removed the "economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.") (internal citation omitted); Whitehead v. Paramount Pictures Corp., No. 1:08CV792, 2009 WL 1565639, at *4 (E.D. Va. May 28, 2009), *aff'd in part sub nom.* Whitehead v. Paramount Pictures, Inc., 366 F. App'x 457 (4th Cir. 2010) (upholding dismissal). Thus, while 28 U.S.C. § 1915(e)(2)(B) speaks specifically to review as to *pro se*

litigants who are prisoners, the Court may conduct such a screening regardless of whether a *pro se* litigant is a prisoner.

Relatedly, the undersigned of course is mindful of Plaintiff's *pro se* status in this context. Because Plaintiff is proceeding *pro se*, the Court must liberally construe the pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir. 1978). A *pro se* complaint is subject to dismissal, however, if the Court cannot reasonably read the pleadings to state a valid claim on which a plaintiff could prevail. Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him, nor should it "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III. ANALYSIS

The Complaint [ECF No. 1] and accompanying narrative provide **no** factual allegations as a basis for the Plaintiff's claims which would allow this Court to grant relief. Nor does Plaintiff set forth in the Complaint any necessary legal grounds which would entitle him to any sort of relief in this matter. The narrative baldly accuses Defendant of lying and engaging in malicious prosecution. What the narrative does not contain, however, is any specific factual allegation concerning the named Defendant herein that is tied to any provision at law affording Plaintiff civil relief.

The undersigned is mindful that Rule 8(a) of the Federal Rules of Civil Procedure does not generally require that claims be pled with great detail. Nonetheless, claims must be pled with sufficient detail such that a defendant has fair notice of the basis of a plaintiff's claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). More specifically:

> It is established that a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. We have recognized that

6

> facial plausibility is established once . . . the complaint's factual allegations produce
> an inference . . . strong enough to nudge the plaintiff's claims across the line from
> conceivable to plausible. In assessing the sufficiency of a complaint, we assume as
> true all its well-pleaded facts and draw all reasonable inferences in favor of the
> plaintiff. Thus, to satisfy the plausibility standard, a plaintiff is not required to plead
> factual allegations in great detail, but the allegations must contain sufficient factual
> heft to allow a court, drawing on judicial experience and common sense, to infer
> more than the mere possibility of that which is alleged.

Nanni v. Aberdeen Marketplace, Inc., 878 F.3d 447, 452 (4th Cir. 2017) (internal citations and

quotations omitted). Necessarily implied in this analysis, of course, is that the legal claims asserted

must have a basis in law.

The principal issue here is that Plaintiff simply does not explain how Defendant wronged

him such that he is entitled to civil relief. By his accompanying narrative (which is correspondence

directed at Defendant, and not necessarily a component of a well-pleaded complaint) [ECF No. 1-

1], Plaintiff lays out overarching protests about how federal agencies prosecute physicians for their

handling of controlled substances prescriptions. The narrative, while styled more as a threat to sue

Defendant prior to bringing suit, nonetheless is part of a civil Complaint affirmatively filed. Thus,

although the narrative is styled as a kind of pre-lawsuit maneuver, the undersigned evaluates it as

an integral part of the Complaint which Plaintiff attempts to lodge.

At bottom, the Complaint and accompanying materials amount to "sour grapes" resulting

from the underlying criminal prosecution and eventual plea to and conviction of a felony offense.

In those criminal proceedings, Plaintiff at first appealed his conviction, and prevailed. Then, rather

than re-try the criminal matter, he settled for a plea bargain by which he pled to a felony count.

Certainly, Plaintiff may have felt that he was treated unjustly at trial and that the reversal of his

convictions was vindication for that. However, Plaintiff glosses over the subsequent voluntary

plea. Perhaps more to the point, he cannot maintain a civil action under the facts pled and the scant

theories of relief relied upon. Essentially, he seeks to re-litigate his criminal prosecution to achieve

a different result. Of course, an affirmative lawsuit against the prosecutor in the matter is not an appropriate avenue for so doing. The degree of his indignation does not affect that. Plaintiff does not explain how Defendant has any civil legal obligation or duty toward him; does not explain how Defendant's actions or failure to act was the reason for any harm for which he can obtain civil relief; and does not explain how anything which Defendant did or failed to do entitles him to any civil relief.

As noted above, Plaintiff, only in passing, invokes the following legal authority: 31 U.S.C. § 3730; 42 U.S.C. § 1983; and Ruan. However, in the absence of any factual allegations involving this Defendant specifically, Plaintiff provides not even the scantest explanation for how these legal authorities entitle him to any relief. Plaintiff does not explain how the provision of the Fraudulent Claims Act, 31 U.S.C. § 3730, on which he relies, provides an avenue for relief, nor can he. It pertains to persons who have presented fraudulent claims to the government for payment; it does not pertain to allegations such as Plaintiff's. The invocation of 42 U.S.C. § 1983 fails because Plaintiff makes no specific factual allegations about how Defendant acted contrary to it. And as for Ruan, Plaintiff does not show how that decision provides an avenue for a civil remedy.

The undersigned finds that the narrative [ECF No. 1-1] accompanying the Complaint, in which Plaintiff attempts to propound legal claims, simply does not contain sufficient factual foundation. Nor does it tie factual allegations to any cognizable legal causes of action. Plaintiff's broad citations to authority otherwise do not save his case. From the narrative, the undersigned cannot discern a clear nexus between (a) the sets of factual allegations made and (b) the intended cause(s) of action which Plaintiff seeks to bring. Nor can the undersigned discern the assertion of permissible claims otherwise. At bottom, even when construing the *pro se* Complaint most liberally (inclusive of the accompanying narrative), Gordon v. Leeke, 574 F.2d 1147, 1151 (4th

8

Cir. 1978), the undersigned respectfully **FINDS** that the Complaint (and citations to authority in related attachments), as currently written, are without foundation in fact and do not set forth cognizable claims at law. As such, the Complaint does not sufficiently state a claim for relief. Twombly, 550 U.S. 544. The Complaint is so insufficient that it does not provide Defendant with fair notice of the nature of the claims Plaintiff would lodge or the relief Plaintiff would have this Court order.

Thus, Plaintiff's Complaint here is not cognizable and fails as a matter of law, and the undersigned **RECOMMENDS** that it be dismissed without prejudice.

Relatedly, because of the lack of any factual allegations of acts, omissions, or wrongdoing by Defendant giving rise to cognizable legal claims, the undersigned specifically **FINDS** that the Complaint fails to state a claim upon which relief may be granted. Thus, after performing an initial screening pursuant to 28 U.S.C. § 1915(e)(2), the undersigned concludes and **RECOMMENDS** that Plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] be denied.

## IV.    RECOMMENDATION

For the abovementioned reasons, the undersigned **FINDS** that the Complaint [ECF No. 1] fails to state a claim upon which relief may be granted. Accordingly, the undersigned respectfully **RECOMMENDS** Plaintiff's Complaint, filed in *forma pauperis* [ECF No. 1], should be **DISMISSED** in its entirety **WITHOUT PREJUDICE** after review and screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Further, the undersigned **RECOMMNEDS** that Plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] be **DENIED**.

Any party shall have fourteen (14) days (filing of objections) and then three days (mailing/service) from the date of the filing of this Report and Recommendation to file with the Clerk of the Court **specific written objections identifying the portions of the Report and**

**Recommendation to which objection is made, and the basis for such objection.** A copy of such objections should also be submitted to the Honorable Thomas S. Kleeh, United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to timely file written objections to the Report and Recommendation as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is **DIRECTED** to send a copy of this Report and Recommendation to counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia, and to the *pro se* Plaintiff by certified mail, return receipt requested.

**DATED**: September 16, 2022.

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE